UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMPCO, LLC d/b/a | ) | |
| Kaufman Global, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1481-RLY-TAB |
| | ) | |
| IMPLEMENTATION SERVICES, LLC | ) | |
|     Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT REPORT FILED IN SUPPORT OF RESPONSE TO CROSS-MOTION FOR SUMMARY JUDGMENT**

On October 9, 2009, Timpko, LLC d/b/a Kaufman Global, LLC ("Kaufman Global") filed a motion for partial summary judgment on its breach of contract and copyright claims as to liability only. On November 11, 2009, Implementation Services, LLC ("Implementation") filed its Response and Cross Motion for Summary Judgment on Kaufman Global's breach of contract, civil conversion, and Indiana Crime Victim's Act claims. Notably, Implementation's only argument in support of its cross motion is that Kaufman Global has no evidence of damages, and that without such evidence, Kaufman Global's claims must fail. Kaufman Global then submitted the expert report of Michael A. Einhorn, Ph. D. ("Dr. Einhorn"), dated November 30, 2009, along with its Response Brief. In Dr. Einhorn's expert report, he concludes that in his expert opinion, Kaufman Global suffered approximately $2.2 million in damages as a result of Implementation's

1

misconduct.

Implementation now moves to strike the expert report of Dr. Einhorn, as the report was filed beyond the deadline established in the parties' Case Management Plan ("CMP").  The CMP provides:

> Plaintiff(s) shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by FED. R. CIV. P. 26(a)(2)(B) on or before November 30, 2009.  However, if Plaintiff uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline.

Three observations are worth noting.  First, Kaufman Global moved for summary judgment as to liability only because at the time it filed its motion for partial summary judgment, Kaufman Global's deadline for expert disclosures, November 30, 2009, had not yet passed.  Second, Implementation filed its cross motion approximately a month past the deadline for dispositive motions, October 9, 2009.  In fact, the court, over the objection of Kaufman Global, allowed the cross motion to be filed.  Third, on December 13, 2009, the parties filed a joint motion to extend expert discovery deadlines in this case, and Implementation has since retained its own damages expert.  Thus, for Implementation to now complain that Kaufman Global submitted its expert report past the CMP deadline is simply unfair, particularly where, as here, Implementation filed its cross motion past the dispositive motions deadline on grounds that Kaufman Global had no evidence of damages three weeks before Kaufman Global's expert discovery deadline had passed. Moreover, Implementation has retained its own damages expert, and thus, Implementation is not prejudiced by Kaufman Global's submission of Dr. Einhorn's

expert report. Accordingly, Implementation's Motion to Strike Plaintiff's Expert Report Filed in Support of Response to Cross-Motion for Summary Judgment (Docket # 76) is **DENIED**.

**SO ORDERED** this  29th   day of September 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com

Stacy Walton Long
KRIEG DEVAULT LLP
slong@kdlegal.com

Fred Anthony Paganelli
TAFT STETTINIUS & HOLLISTER LLP
paganelli@taftlaw.com

Greg A. Small
KRIEG DEVAULT LLP
gs@kdlegal.com

Alastair J. Warr
KRIEG DEVAULT LLP
awarr@kdlegal.com